UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TODD JEFFREY CHAIT,

   Plaintiff,

v.                                                          Case No.:  2:23-cv-400-KCD

COMMISSIONER OF SOCIAL
SECURITY,

   Defendant.
_____/

## ORDER

Plaintiff Todd Jeffrey Chait sues under 42 U.S.C. § 405(g) to challenge the Commissioner of Social Security's decision denying his application for disability insurance benefits. (Doc. 1.)[1] For the reasons below, the Commission's decision is affirmed.

## I. Background

The procedural history, administrative record, and law are summarized in the parties' briefs (Docs. 14, 18, 19) and not fully repeated here. In short, Chait filed for benefits 12 years ago claiming he could not work because of panic disorder, a heart condition with seven stents and coronary artery disease, sleep apnea, degenerative disc disease, tinnitus, and agoraphobia. (Tr.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

468.) Following agency decisions denying the application and three remands, the Appeals Council remanded the case to an administrative law judge ("ALJ") for the final time in 2021. (Tr. 1420-26.)

Following a hearing, the ALJ again found Chait not disabled. (Tr. 1151-84.) To make that determination, the ALJ used the multi-step evaluation process established by the Commissioner. *See* 20 C.F.R. § 404.1520(a).[2] The ALJ found that although Chait had severe impairments of anxiety with panic disorder, multilevel lumbar spondylytic disc protrusions, and stable coronary artery disease, he retained the residual functional capacity ("RFC") to engage in light work with certain non-exertional limitations:

> The claimant was able to understand, remember and carry out detailed, but non-highly complex instructions and tasks. The claimant was able to make judgments regarding work-related decisions, complete tasks in a timely manner and manage routine job stressors. The claimant was able to maintain a routine work schedule and handle changes in non-highly complex job environments. The claimant was able to control their emotions in a work environment. The claimant was able to respond appropriately to the public, supervisors, coworkers and work situations. The claimant was able to complete detailed instructions consistent with these related mental functions.

---

[2] An individual claiming Social Security disability benefits must prove that he is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

(Tr. 1161-62.)

After considering the RFC and other evidence, including vocational expert testimony, the ALJ ultimately concluded that Chait could not perform his past relevant work but could perform other jobs in the national economy. (Tr. 1181-83.) Thus, Chait was not disabled as that term is defined in this context. (*Id.*) Chait further exhausted his administrative remedies, and this lawsuit followed. (Doc. 1.)

## II. Standard of Review

Review of the Commissioner's (and, by extension, the ALJ's) decision denying benefits is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *see also Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It is more than a mere scintilla but less than a preponderance. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The Supreme Court recently explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

When determining whether the ALJ's decision is supported by substantial evidence, the court must view the record as a whole, considering

3

evidence favorable and unfavorable to the Commissioner. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. And even if the evidence preponderates against the Commissioner, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Finally, "[u]nder a substantial evidence standard of review, [the claimant] must do more than point to evidence in the record that supports [her] position; [she] must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017).

### III. Analysis

Chait argues one issue on appeal—that the RFC fails to account for the "total limiting effects" of his severe impairments. (Doc. 14 at 5.) In doing so, Chait asserts that the ALJ discounted his statements, the opinion evidence about his condition, and the VA's disability rating. (Doc. 14 at 9-23.) According to Chait, the ALJ's conclusion is based on a selective version of the facts. (Doc. 19 at 2.)

In rendering the RFC, an ALJ must consider any medical opinions along with all the other evidence of record. The ALJ must also consider all medically determinable impairments, including impairments that are not severe, and the total limiting effects of each. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2) & (e); *see*

4

*Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). In making this holistic assessment, the ALJ considers evidence such as the claimant's daily activities; the location, duration, frequency, and intensity of the claimant's pain or other symptoms; the type, dosage, effectiveness, and side effects of any medication or other treatment the claimant takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms; any measures the claimant uses or has used to relieve pain or symptoms; and any other factors concerning the claimant's functional limitations and restrictions. 20 C.F.R. § 404.1529(c)(3).

Having reviewed the record, the Court is satisfied that the ALJ applied the correct standard, and his reasoning is supported by substantial evidence. The ALJ reasonably concluded that Chait's portrayal of his symptoms was unsupported by substantial objective medical evidence and the record as a whole. The ALJ then outlined the evidence that supports the RFC—nothing more is required.

Still, Chait argues that the limitations described by ALJ are work-preclusive. Specifically, he objects to the ALJ's analysis of Dr. Allen, Dr. Kasprzak, and Dr. Inman. (Doc. 14 at 17-20.)

The Social Security Regulations for evaluating medical opinions changed in March 2017. Because Chait's claim was filed before that time, the prior

5

regulations apply. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017).

"Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [his] symptoms, diagnosis and prognosis, what [he] can still do despite impairment(s), and [his] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). The ALJ considers every medical opinion received together with the rest of the relevant evidence. *Id.* § 404.1527(b)-(c). An ALJ assesses a medical opinion by looking at several factors, including:

> (1) examining relationship—giving more weight to opinions from a medical source that has examined the claimant than one that hasn't;
>
> (2) treatment relationship—generally giving more weight to opinions from a medical source that treats the claimant than one that doesn't;
>
> (3) supportability—giving more weight to opinions supported by other evidence from the medical source, particularly medical signs and laboratory findings;
>
> (4) consistency—giving more weight to opinions that are consistent with the record as a whole;
>
> (5) specialization—generally giving more weight to opinions from a specialist about medical issues in their area of specialty than to opinions from a medical source who is not a specialist;
>
> (6) any other factors that support or contradict the medical opinion.

*Id.* § 404.1527(c)(1)-(6).

With these legal standards as the backdrop, the medical opinions are addressed in turn.

**A. Dr. Robert Allen**

Chait seemingly challenges the ALJ's evaluation of the persuasiveness of Dr. Allen's opinion that he "cannot face work as a result of high anxiety, partially in association with his coronary artery disease." (Doc. 14 at 10, 17-18.) Chait claims that Dr. Allen is a treating source. (Doc. 14 at 17-18.) The Eleventh Circuit has set a "good cause" standard for disregarding treating source evidence. *Winschel*, 631 F.3d at 1179. But there is no indication in the record that Dr. Allen was a treating source. Under the regulations, a "treating source" provides the claimant "with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you," seen "with a frequency." 20 C.F.R. § 404.1527(a)(2). Here, Dr. Allen, a psychiatrist with the David Lawrence Center, evaluated Chait twice—once in 2005 (years before the onset date), and once in 2012. (Tr. 870, 953.) Other than these two evaluations, there are no other records from Dr. Allen, or the David Lawrence Center, that would show an "ongoing treatment relationship" with Chait. Thus, the Court does not give Dr. Allen's opinion any extra weight or evaluate it using the good cause standard.

In considering Dr. Allen's opinion, the ALJ stated:

7

> In a psychiatric evaluation at the David Lawrence Center in October 2012 under "social history" it was noted that the claimant "cannot face work as a result of his high anxiety, partially in association with his coronary artery disease" (14F/4; 22F/3). However, in the context of the claimant's report of his social history, this statement seems to be the claimant's assessment and not a finding of the examiner. In any event, this opinion is inconsistent with the medical evidence of record that does not reflect any inpatient psychiatric treatment or psychiatric hospitalizations during the period under adjudication. Moreover, the record reflects the claimant receiving minimal treatment at the David Lawrence Center during the period under adjudication. This opinion is also inconsistent with the claimant's psychological consultative examination from earlier that year, which did not indicate any significant cognitive deficits (9F). Consequently, this opinion is given little weight.

(Tr. 1177-78.) This conclusion is improper, Chait contends, because Dr. Allen's findings were consistent with the record overall. (Doc. 14 at 18.)

The ALJ properly gave little weight to Dr. Allen's statement that Chait "could not face work as a result of his high anxiety, partially in association with his coronary artery disease" because this was a restatement of Chait's reported limitations, not a medical opinion. (Tr. 953.) And the ALJ at least partially accepted Chait's subjective complaints about his anxiety, noting that he complained that "his anxiety prevents him from working" (Tr. 1163), and that he has "a long-standing history of anxiety, which requires treatment with medication." (Tr. 1175.) Still, the ALJ found that "the claimant's reports of disabling anxiety and panic are not entirely consistent with his treatment records that show only minimal specialized mental health treatment during

8

the relevant period." (Tr. 1174.) Thus, the ALJ found that the evidence supported limiting Chait to a reduced range of work with various mental limitations to accommodate his anxiety. (Tr. 1162, 1183.) The ALJ only rejected Chait's contention that he was more limited than the RFC.

The Eleventh Circuit recently reiterated the standard used to evaluate this argument:

> A claimant may establish that he has "a disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). In such a case, the claimant must show evidence of an underlying medical condition and either "objective medical evidence that confirms the severity of the alleged pain arising from that condition" or "that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). Once a claimant has made this showing, the Commissioner "must then evaluate the intensity and persistence of [the claimant's] symptoms" in light of "all available evidence," including the claimant's testimony. 20 C.F.R. § 404.1529(c)(1). The Commissioner "will not reject" a claimant's statements "solely because the available objective medical evidence does not substantiate" the statements. *Id.* § 404.1529(c)(2). Instead, the ALJ considers several "[o]ther factors concerning [the claimant's] functional limitations and restrictions due to pain and other symptoms." *Id.* § 404.1529(c)(3)(i)-(vii).
>
> If a claimant provides subjective testimony on the severity of his symptoms, as [the claimant] did here, the ALJ "must articulate explicit and adequate reasons" for rejecting the complaints. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995). The ALJ's "credibility determination does not need to cite particular phrases or formulations[,] but it cannot merely be a broad rejection" that fails to consider a claimant's "medical condition as a whole." *Dyer*, 395 F.3d at 1210-11 (cleaned up). We will not disturb "[a] clearly

9

> articulated credibility finding with substantial supporting evidence in the record." *Foote*, 67 F.3d at 1562.

*Taylor v. Comm'r of Soc. Sec.*, No. 21-12804, 2022 WL 1634086, at *5-6 (11th Cir. May 24, 2022).

Here, the ALJ repeated this formula, followed it, and cited to evidence to support his findings. (Tr. 1163.) He noted Chait has "medically determinable impairments [that] could reasonably be expected to cause the alleged symptoms." (Tr. 1162-63.) Then, the ALJ considered the treatment history or medical findings to evaluate the "intensity, persistence, and limiting effects of these symptoms." (Tr. 1162-63.) Ultimately, he concluded Chait's statements about his anxiety symptoms conflict with the evidence. (Tr. 1163.) Thus, the question is whether the ALJ's explanation for this credibility finding is "clearly articulated … with substantial supporting evidence in the record." *Foote*, 67 F.3d at 1562.

The Court is satisfied the ALJ provided substantial evidence to support the assessment of Chait's subjective symptoms of anxiety/panic attacks. Among other things, the ALJ observed that in addition to panic attacks, he has a cardiovascular condition, and "reported having chest pain and being unsure if it was panic disorder or angina." (Tr. 1172.) While the treatment records documented complaints of anxiousness and panic attacks, psych examinations were unremarkable, with no reported problems with activities of daily living.

10

(Tr. 638-40, 656-57, 675-76, 695-96, 704.) The ALJ found that the sum of the evidence supports a finding that Chait's mental health impairments are severe and cause functional limitations, for which the ALJ accounted in his RFC assessment (which spanned nearly 20 pages), but the objective evidence did not support the extent of limitations he alleged. (Tr. 1163-81.) It is not for the Court to reweigh the evidence in hopes of reaching a different conclusion.

## B. Dr. Cheryl Kasprzak

Chait next challenges the ALJ's evaluation of Dr. Kasprzak, a consultative psychological examiner. He opined that Chait's prognosis was "[g]uarded for gainful employment." (Doc. 14 at 18-19; Tr. 848.) The ALJ gave this opinion little weight "as the statement is vague and is not a function by function assessment of the claimant's abilities. Further, the mental status examination of the consultative examiner was generally unremarkable and did not indicate any significant deficits in the claimant's mental functioning that would significantly limit his employability." (Tr. 1177.)

The ALJ properly discounted Dr. Kasprzak's opinion because it was not a statement regarding any of Chait's limitations and was unsupported by Dr. Kasprzak's generally normal findings on the mental status exam. Dr. Kasprzak examined Chait in 2012, where he reported that, even though Chait allegedly had panic attacks three to five times per week that lasted up to two hours at a time, he had not received psychiatric care since 2005. (Tr. 846-47.)

11

And he had last been under the care of an outpatient psychotherapist 20 years before. (Tr. 847.) Yet he alleged that during his panic attacks, his symptoms include a racing heart and rated his current anxiety as a 7-8 (worst) out of 10 since 2005. (Tr. 847.) Chait's claims and his treatment history simply don't match up. (Tr. 847.) Again, Chait's arguments merely invites the Court to impermissibly reweigh the evidence to find Chait more limited than the ALJ assessed. *See Dyer*, 395 F.3d at 1210.

### C. Dr. Michael Inman

Moving on, Chait disputes the ALJ's evaluation of Dr. Inman, another consultative psychological examiner. He opined that Chait's current psychiatric symptoms would limit his ability to perform unskilled work because of emotional factors, and Chait's prognosis was "[g]uarded with treatment, poor without." (Tr. 2058-64.) The ALJ rejected Dr. Inman's consultative examination because it was performed in September 2018, several years after the date last insured. And, in the ALJ's view, it did not indicate Chait's functioning during the adjudicated period. (Tr. 1180.)

Chait claims the ALJ erred because Dr. Inman's exam was based on a longitudinal record during the period at issue, including records from Drs. Allen and Kasprzak and Chait's statements about his symptoms between 2010 and 2013. (Doc. 14 at 19-20.) The Court is not convinced. Dr. Inman opined that Chait's "*current* psychiatric symptoms would limit his ability to perform

12

unskilled work to due emotional factors." (Tr. 2063 (emphasis added).) For disability insurance benefits, a claimant must show disability by the date last insured. 42 U.S.C. §§ 416(i)(3), 423(a), (c); 20 C.F.R. §§ 404.101, 404.130, 404.131. Chait's was last insured in 2013. (Tr. 1153.) His psychiatric symptoms, as they stood in 2018, are outside the relevant time period. Thus, the Court finds no error in the ALJ's assessment of Dr. Inman.

### D. Subjective Complaints

Chait next claims the ALJ provided inappropriate reasons for discounting his subjective complaints about mental symptoms and limitations: (1) his activities of daily living, and (2) accommodations he received.

To start, as discussed above, the ALJ at least partially accepted Chait's subjective complaints. As for the two specific arguments he now raises about the ALJ's credibility assessment, he says that the daily activities the ALJ identified as inconsistent with his subjective complaints do little to show his ability to function in a work environment. (Doc. 14 at 21-22.) In support, Chait relies on *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997), in which the court said that "participation in everyday activities of short duration, such as housework or fishing, does not qualify a claimant for disability."

In making this argument, however, Chait trivializes the extent of his activities. He does far more than activities of short duration, such as housework. The ALJ's analysis reveals the expansive number of tasks that fall

13

within Chait's reported "daily activities": he talks on the phone daily with his son, talked on the phone with friends and went to lunch monthly, went to college full-time, goes to monthly religious services, drives and goes places alone, showers, dresses himself, shaves, cooks, feeds himself simply meals, loads the dishwasher, dresses himself, makes the bed, changes the linens, takes out the trash, goes to the grocery store, exercises, and denied any problems with activities of daily living on exam. (Tr. 1160, 1164, 1168, 1174, 1175.) The ALJ found that Chait's ability to drive himself is "a significant reason to discount the impact his mental impairment had on his ability to concentrate." (Tr. 1161.) Although not dispositive, a claimant's activities may show that his symptoms are not as limiting as alleged. *See* 20 C.F.R. § 404.1259(c)(3)(i); SSR 16-3p; *Dyer*, 395 F.3d at 1210, *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987), *Stacy v. Comm'r, Soc. Sec. Admin.*, 654 F. App'x 1005, 1011 (11th Cir. 2016).

The ALJ did not unduly rely on Chait's activities in deciding his claim, nor did the ALJ find his activities to be dispositive evidence of his ability to work. The ALJ properly considered Chait's activities together with the other evidence under the regulations and Eleventh Circuit case law. The record as a whole provides substantial evidence to support the ALJ's finding that Chait's subjective statements about his symptoms and limitations were inconsistent

14

with the medical and other evidence. Thus, there is no basis to remand on this issue.

Second, Chait claims the ALJ erred when she did not account for the fact that his ability to complete school was aided by significant accommodations and support from his school and his wife. (Doc. 14 at 22.) But the ALJ accounted for this: "The undersigned acknowledges the claimant reported receiving accommodations from his school and assistance from his wife while attending college. Nonetheless, the undersigned still finds the claimant's activities during the relevant period to be inconsistent with a finding of disability." (Tr. 1174.) The ALJ then noted that Chait completed school with a 4.0 grade point average, and that mental examinations during this period routinely reflected that Chait was alert and indicated no significant problems with distractibility. (Tr. 1160.) And his concentration was assessed to be within normal limits. (Tr. 1160.)

Chait has not shown that the ALJ inappropriately considered his college attendance or inappropriately downplayed his schooling accommodations. The record shows that the ALJ considered his accommodations and, as a result, found mild to moderate limitations in various areas and crafted an RFC (and jobs) that Chait could perform given his limitations. (Tr. 1159-61, 1183); *see Orso v. Colvin*, 658 F. App'x 418, 420-21 (10th Cir. 2016) (finding no reversible error where the claimant made "no showing or argument as to how the RFC

15

limitations would need to be changed" because "[t]he burden to prove disability in a social security case is on the claimant").

### E. VA Rating

Finally, Chait argues the ALJ erred in failing to acknowledge that the VA's disability rating is entitled to great weight and did not provide adequate rationale for discounting the disability rating. (Doc. 14 at 15-17.) A letter from the VA summarizing his benefits states Chait had a 100% service-connected disability rating for individual employability based on panic disorder with agoraphobia (50%) and degenerative disc disease of the lumbar spine (10%) (Tr. 777-82.)

The VA uses a disability rating schedule to determine the level of a veteran's disability and his monthly benefits. *Guerra v. Shinseki*, 642 F.3d 1046, 1047-48 (Fed. Cir. 2011). The ratings are based on an assessment of the reduction in the average veteran's earning capacity from service-connected injuries, diseases, or conditions. 38 U.S.C. § 1155; 38 C.F.R. § 4.1.

A disability decision by another governmental agency "is based on its own rules" and is therefore not binding on the Social Security Administration. 20 C.F.R. § 404.1504 (effective to Mar. 26, 2017). "[A reviewing court] must ask whether the ALJ's decision shows that she considered the other agency's decision." *Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1330 (11th Cir. 2020). "If the ALJ discussed the other agency's decision, the court moves on to the

16

second step of the analysis: whether substantial evidence in the record supports the ALJ's decision to depart from the other agency's decision. If there is substantial evidence in the record, then the ALJ's decision should be affirmed." *Id.*

An ALJ must consider all relevant record evidence. 20 C.F.R. §§ 404.1520(a)(3), 404.1520b. "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision ... is not a broad rejection which is not enough to enable [the court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (cleaned up).

The ALJ gave the VA disability determination little weight because "the evidence reviewed in the Department of Veterans Affairs determination was made with review of only minimal medical records from the time period the undersigned is adjudicating, with no medical evidence after February 2011." (Tr. 1179.) The ALJ also noted that "the VA's definition of disability and the procedures employed to evaluate the degree of disability are different from those prescribed in the Social Security Act." (Tr. 1179.)

The ALJ explained that she considered the VA's disability rating but, based on the medical evidence and the other evidence of record, Chait could work consistent with the limitations of the RFC. (Tr. 1179.) As to Chait's mental impairments, contrary to the VA's determination that he was disabled

17

in part due to panic disorder with agoraphobia, the ALJ found that Chait's mental impairments, including anxiety with panic attacks, caused no more than moderate difficulties, which the ALJ accounted for in the RFC assessment by including several work-related limitations. (Tr. 1156-81.) Similarly, Chait's physical impairments, including multilevel lumbar spondylotic disc protrusions that improved over time, as well as stable CAD, while severe, did not impose more limitations than the ALJ assessed in the RFC finding. (Tr. 1156-81.) Substantial evidence supports the ALJ's decision, including Chait's VA treatment notes as well as other evidence of record.

As for Chait's mental condition, the record documented that he received only sporadic specialized mental health treatment during the relevant period. (Tr. 1179.) Furthermore, despite Chait's allegations of disabling chest pain associated with panic attacks, his cardiologist routinely documented that Chait denied chest pain, the cardiac exams were normal, and the psychiatric exams were normal, showing that Chait was fully oriented and had appropriate affect. (Tr. 784-94, 850-53, 887-90, 1179.)

Considering the record as a whole, substantial evidence supports the ALJ's decision, and so it must be affirmed. *See Noble*, 963 F.3d at 1330. Chait briefly argues the ALJ did not acknowledge that a VA disability rating is entitled to great weight (Doc. 14 at 15), but that is not required. *See Noble*, 963 F.3d at 1330 (ALJ must only consider and discuss the other agency's decision).

18

Chait also contends that the ALJ improperly rejected the VA decision because its regulations are different. (Doc. 14 at 15.) But contrary to Chait's allegation, the ALJ did not identify the differences in VA and SSA standards as the "only reason" to give the VA decision little weight. (Tr. 1179.) Instead, she properly noted that the VA's definition of disability and the procedures used to evaluate the degree of disability differ from those prescribed in the Social Security Act, and discussed how the evidence did not support that Chait was unemployable or incapable of work activity. (Tr. 1179.)

One last issue. Chait argues the ALJ failed to build an accurate and logical bridge between the evidence and her findings in rejecting the VA disability findings. (Doc. 14 at 23.) A logical bridge simply means that "an ALJ must articulate at some minimum level, her analysis of the evidence." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Ultimately, this requirement does not alter the substantial evidence standard. *Brumbaugh v. Saul*, 850 F. App'x 973, 977 (7th Cir. 2021). As mentioned, the ALJ provided substantial evidence to support the assessment of Chait's subjective symptoms.

## IV. Conclusion

Considering the record as a whole, substantial evidence supports the ALJ's findings. Accordingly, the Court **AFFIRMS** the Commissioner's decision and directs the Clerk to enter judgment for the Commissioner and against Todd Jeffrey Chait and close the file.

**ORDERED** in Fort Myers, Florida on July 25, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record